**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT E. JACKSON, | ) | |
| | ) | 18 C 4879 |
| Plaintiff, | ) | |
| v. | ) | Judge |
| | ) | |
| JUST MANUFACTURING COMPANY, | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

Plaintiff, ROBERT E. JACKSON ("Plaintiff"), by and through his attorneys, Donald Schwartz and Arnold and Kadjan, LLP for his complaint against Defendant, JUST MANUFACTURING COMPANY ("Just" or "Defendant"), states as follows:

### Statement of the Case

1. This is an action for damages and equitable relief to redress the violation of rights secured to Plaintiff by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Family and Medical Leave Act, 29 U.S.C. 2601 et seq ("FMLA").

### Jurisdiction and Venue

2. Jurisdiction is based on 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 42 U.S.C. § 2000e-5(f).

3. Venue is proper under 28 U.S.C. § 1391(b), 42 U.S.C. § 12117, and 42 U.S.C. § 2000e-5(f). Defendant regularly conducts business in and the events giving rise to Plaintiff's claims occurred in Franklin Park, Illinois.

**The Parties**

5.     Defendant Just is an Illinois corporation doing business in Illinois and an "employer" within the meaning of 42 U.S.C. § 12111(5).

6.     Plaintiff is an individual residing in the state of Illinois and this District. Plaintiff was employed by Defendant from March 2004 to August 30, 2017 in Defendant's Franklin Park, Illinois Manufacturing and Distribution Center. At all times relevant, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 12111(4).

**General Allegations**

7.     From March 2004 to August 30, 2017, Plaintiff was employed by Defendant at its Franklin Park, Illinois facility.

8.     In March 2004, Plaintiff began working as a production manager in the bowl department. In August 2011, Plaintiff became the company purchasing manager and remained in this position until his discharge.

9.     At all times relevant, Plaintiff's performance met Defendant's legitimate expectations.

10.     On or about October 10, 2016 while working for Defendant, Plaintiff underwent heart valve surgery.

11.     As a result of his surgery, Plaintiff was substantially limited in the performance of physical activities, including heavy lifting, driving, pushing and pulling.

12.     Plaintiff returned to work after a several month FMLA leave absence during which Plaintiff received short term disability benefits.

12.     At all relevant times, Plaintiff's heart ailment was a physical impairment that substantially limited one or more major life activities.

13.     At all relevant times, Defendant regarded Plaintiff as having an impairment that substantially limited one or more major life activities.

14.     At all relevant times, Plaintiff was capable of performing the essential functions of the job.

15.     On August 30, 2017 Plaintiff was discharged.

16.     On December 27, 2017, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging violations of the ADA, a copy of which is attached as Exhibit A and incorporated herein by reference.

17.     At all relevant times, Defendant had notice of Plaintiff's Charge of Discrimination.

18.     On April 17, 2018, the U.S. Equal Employment Opportunity Commission issued Plaintiff a right to sue letter, a copy of which is attached as Exhibit B and incorporated herein by reference. Plaintiff brings this suit within 90 days of his receipt of this letter.

## Count I – Disability Discrimination

19.     Plaintiff incorporates by reference the allegations in Paragraphs 1 through 18 as though fully set forth herein.

20.     At all relevant times, Plaintiff was an individual with a disability within the meaning of Section 3(2) of the ADA, 42 USC § 12102(2).

21.     Defendant was aware of Plaintiff's disability.

22.     Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 USC § 12111(8).

23.     Defendant engaged in unlawful employment practices in violation of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(1, by discharging Plaintiff because of his disability .

24.     Defendant engaged in unlawful employment practices in violation of the ADA by

terminating Plaintiff due to Defendant's perception or considering Plaintiff to be disabled under the ADA.

25.     The effect of the practice complained of above has been to deprive Plaintiff of equal employment opportunities, and otherwise adversely affect his status as an employee because of his status as a disabled person in violation of Title I of the ADA, 42 U.S.C. § 12112.

26.     The unlawful employment practices complained of were intentional, willful, and done with malice and/or reckless indifference to the Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant and that he be given the following relief:

(A)     Reinstatement to his position without loss of seniority or any other benefit;

(B)     Back pay, including wages and fringe benefits;

(C)      Front pay;

(D)      Prejudgment interest;

(E)      Attorneys' fees and costs, including but not limited to reasonable expert witness fees, and the interest incurred thereon pursuant to 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(k);

(F)      Compensatory damages pursuant to 42 U.S.C. § 1981(a);

(G)      Any and all other damages proven at trial; and

(H)      Any and all other relief deemed appropriate by the Court.

### Count II- Retaliation under the Family Medical Leave Act

27.     Plaintiff repeats paragraphs 1 – 18 as if set forth herein.

28.     Plaintiff  suffered a serious health condition entitling him to benefits under the FMLA, 29 U.S.C. 2601, 2612,  et seq.

29.     Plaintiff requested and received family medical leave upon learning that he would need heart valve surgery.

30.     Plaintiff received short term disability benefits during his FMLA absence.

31.     Plaintiff was terminated by defendant in order to interfere with Plaintiff having asserted rights under the FMLA  and  in retaliation for asserting rights under the FMLA in violation of  29 U.S.C. 2615  of the FMLA.

WHEREFORE, Plaintiff prays that judgment be entered in favor of Plaintiff and against Defendant and that he be granted the following relief:

(a) Reinstatement to his prior position without loss of seniority;

(b) Back pay including lost wages and benefits;

(c) Front pay;

(d) Prejudgment interest; and

(e) All other remedies this court deems just.

Respectfully submitted,

ROBERT E. JACKSON


By:     s/ Donald D. Schwartz
        One of their Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415